UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOYCE A. A.,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) | No. CV 20-1688 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

      Plaintiff[1] filed this action on February 20, 2020.  The parties filed a Joint Stipulation that addressed the disputed issues.  The court has taken the matter under submission without oral argument.[2]

      Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings consistent with this opinion.

---

   [1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

   [2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 9-11.)

**I.**

**PROCEDURAL BACKGROUND**

Plaintiff filed an application for disability insurance benefits on September 27, 2016, and alleged an onset date of March 5, 2015. Administrative Record ("AR") 20. The application was denied. AR 20, 681. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On December 14, 2018, the ALJ conducted a hearing at which Plaintiff and a vocational expert ("VE") testified. AR 629-66. On January 11, 2019, the ALJ issued a decision denying benefits. AR 20-30. On January 24, 2020, the Appeals Council denied review. AR 1-4. Plaintiff submitted additional evidence to the Appeals Council, but it declined to consider the evidence because "it does not show a reasonable probability that it would change the outcome of the decision" and some evidence did not relate to the time period at issue. AR 2. This action followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than

one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

### III.
### DISCUSSION

#### A.  Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

#### B.  The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through December 31, 2020.  AR 22.  Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that Plaintiff had the severe impairments of degenerative disc disease and obesity.  AR 23.

The ALJ found that Plaintiff had the residual functional capacity to perform less than the full range of light work.  Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently.  She can stand/walk and sit a total of six hours in an eight-hour workday.  Plaintiff can engage in occasional postural activities, but she cannot climb ladders, ropes, or scaffolds.  She can occasionally push and pull with her bilateral lower

---

[3] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

3

1  extremities. She must avoid concentrated exposure to extreme cold, and she cannot
2  work around unprotected heights or dangerous, moving machinery. AR 25.
3       The ALJ found that Plaintiff was unable to perform any past relevant work but
4  could perform jobs that exist in significant numbers in the national economy, such as
5  general cashier, cafeteria attendant, and routing clerk. AR 28-29.

     **C.**     <u>**Subjective Allegations**</u>

     In assessing a claimant's subjective allegations, the Commissioner conducts a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ determines whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce the symptoms alleged. *Id.* The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 26. Second, when, as here, the record does not contain evidence of malingering, the ALJ must give specific, clear and convincing reasons for discounting the claimant's subjective allegations. *Vasquez*, 572 F.3d at 591.

     Plaintiff contends that the ALJ did not provide specific, clear and convincing reasons for rejecting her subjective allegations. Specifically, Plaintiff argues that the only reason provided by the ALJ for rejecting her subjective allegations was that they were inconsistent with the objective medical evidence, which alone is not a clear and convincing reason.

     The ALJ's decision cannot be read so narrowly. The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were inconsistent with the objective medical evidence and other evidence in the record, specifically evidence that Plaintiff's treatment was conservative. AR 26, 28; *see Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (finding ALJ need not "recite [any] magic words" to justify rejecting evidence).

     The ALJ may rely on a claimant's conservative treatment in analyzing the severity of subjective allegations. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir.

2007) ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment").  The ALJ found that Plaintiff's treatment for her neck and back pain primarily consisted of physical therapy and medication.  AR 26.  Although Plaintiff received some epidural injections, these injections occurred before March 5, 2015, the alleged onset date.  *Id*.  The ALJ indicated Plaintiff had not undergone spinal surgery and Dr. Wilson, the qualified medical evaluator in Plaintiff's workers' compensation case, indicated she would not be a good candidate for spinal surgery.  *Id*.

        The ALJ's finding that Plaintiff received conservative treatment is not supported by substantial evidence.  Plaintiff received physical therapy and acupuncture during the relevant period.  *See, e.g.*, AR 1175, 1189-90, 1215, 2282-83.  Plaintiff was also prescribed pain medication, including Lidoderm patches, Gabapentin, Baclofen, and Tramadol, a narcotic.  *See, e.g.*, AR 1191, 1218, 2258, 2235-37, 2306.  These treatments, by themselves, may constitute conservative treatment.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (describing physical therapy as conservative treatment); *Huizar v. Comm'r*, 428 Fed. Appx. 678, 680 (9th Cir. 2011) (finding conservative treatment included use of narcotic medication).  The medical record, however, indicates Plaintiff's pain management specialists treated her with a series of injections to her back after her alleged onset date, which the ALJ did not discuss.  *See* AR 26.  Specifically, Plaintiff received (a) four trigger point injections to her lumbar spine and two bilateral sacroiliac joint injections in July 2016; (b) four trigger point injections to her cervical spine, two bilateral occipital nerve injections, and two bilateral shoulder joint injections in February 2017; and (c) one trigger point injection to her left thoracic and lumbar paraspinals in May 2018.  AR 1202, 1383, 2300-01.  Courts have routinely found that such injections are not conservative treatment.  *See Tagle v. Astrue*, 2012 WL 4364242 at *4 (C.D. Cal. Sept. 21, 2012) ("While physical therapy and pain medication are conservative, epidural and trigger point injections are not."); *see also Lapeirre-Gutt v. Astrue*, 382 Fed. Appx. 662, 664 (9th Cir. 2010) (suggesting

5

treatments such as occipital nerve blocks and trigger point injections do not constitute conservative treatment); *Contreras v. Berryhill*, 2020 WL 619792, at *4 (N.D. Cal. Feb. 10, 2020) ("[n]umerous courts have rejected the argument that trigger point injections are 'conservative'"; collecting cases). Although Dr. Wilson opined in March 2016 that he no longer considered Plaintiff a candidate for spinal surgery, he also indicated that Plaintiff's physicians had previously discussed surgery and that it was "an option and reasonable considering that she has exhausted non-operative treatment." AR 1354-58.

Given Plaintiff's repeated injections, pain medication, and physical therapy and acupuncture during the relevant period, the court cannot conclude that Plaintiff received conservative treatment. *See Christie v. Astrue*, 2011 WL 4368189, at *4 (C.D. Cal. Sept. 16, 2011) (although treatments such as narcotics and trigger point injections "may not be the most aggressive available, like surgery, for example, they are certainly not what the Court would categorize as conservative"); *Debra J. A. v. Saul*, 2020 WL 1166997, at *5 (C.D. Cal. Mar. 11, 2020) (finding trigger point injections, particularly when combined with pain medication, including Gabapentin, and referral to a pain management specialist, are not conservative treatment)*; cf. Gonzales v. Colvin*, 2015 WL 685347, at *11 (C.D. Cal. Feb. 18, 2015) (finding treatment consisting of medication and single steroid injection was conservative).

The ALJ's only remaining reason for discounting Plaintiff's subjective allegations was inconsistency with the objective medical evidence. The ALJ may rely on a lack of objective medical evidence as one factor in the analysis, but it may not rely exclusively on that one factor to discount Plaintiff's subjective allegations. *See Rollins* v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Thus, Plaintiff's objective medical evidence, even if inconsistent with Plaintiff's subjective allegations, cannot alone constitute a reason to reject Plaintiff's subjective allegations.

Accordingly, Plaintiff has shown error, and this matter must be remanded for reconsideration of Plaintiff's testimony.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

DATED: April 20, 2021

*Alicia G. Rosenberg*
_____
ALICIA G. ROSENBERG
United States Magistrate Judge